In re The MARRIAGE OF Linda
J. WILLIFORD and David
Moore Williford

Linda J. Williford, Petitioner–
Respondent,

v.

David Moore Williford, Respondent–
Appellant.

No. SD 31785.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 31, 2013.

**510**

W. Edward Reeves, Caruthersville, MO, for Appellant.

Rebecca C. Steward, Sikeston, MO, for Respondent.

## NANCY STEFFEN RAHMEYER, J.

David Moore Williford ("Appellant") and Linda J. Williford ("Respondent") were married in 1987. Respondent moved out of the family home in November of 2010; she filed for a dissolution in May of 2011; and, on October 25, 2011, a default dissolution was granted. Appellant had filed no Answer to the Petition but filed a Motion to Set Aside the Default ten days after the entry of the default judgment. The parties stipulated that Appellant had a meritorious defense, but tried the issue of whether Appellant had good cause to set aside the default judgment. The trial court refused to set aside the judgment; this appeal follows. We affirm the judgment.

 We review the trial court's decision to grant or deny a motion to set aside a default judgment for an abuse of discretion. *Brungard v. Risky's, Inc.*, 240 S.W.3d 685, 686–687 (Mo. banc 2007). Interestingly, it has been said that the discretion of the trial court to deny a motion to set aside a default judgment is subject to "closer scrutiny" on appeal than is the discretion of a trial court to grant a motion to set aside a default. *J.E. Scheidegger Co., Inc. v. Manon*, 149 S.W.3d 499, 502

(Mo.App. S.D.2004). This is because of the "public policy favoring the resolution of cases on the merits and the distaste our system holds for default judgments." *Brungard*, 240 S.W.3d at 686 (internal quotations omitted). The discretion to refuse to set aside a default is narrowed even more in a dissolution action because of the "state's interest in the welfare of the parties." *Reed v. Reed*, 48 S.W.3d 634, 639 (Mo.App. W.D.2001) (internal quotations omitted).

 The parties conceded that Appellant had a meritorious defense. At issue was whether there was good cause to set aside the decree. "Good cause," within the meaning of Rule 74.05(d),[1] "should be given a liberal interpretation and includes good faith mistakes and even negligence in failing to file a timely answer." *Callahan v. Callahan*, 277 S.W.3d 643, 645 (Mo. banc 2009). "Recklessness," however, has been defined as acting "with indifference to the consequences," "lacking in caution," or "deliberately courting danger." *First Community Bank v. Hubbell Power Systems, Inc.*, 298 S.W.3d 534, 539 (Mo.App. S.D.2009) (internal citations and quotations omitted).

Recklessness differs from negligence also in kind. A person is negligent, if his inadvertence, incompetence, unskillfulness or failure to take precautions precludes him from adequately coping with a possible or probable future emergency. To be reckless, a person makes a conscious choice of his course of action, either with knowledge of the serious danger to others involved in it or with knowledge of the facts which would disclose the danger to any reasonable man. Recklessness also differs from that negligence which consists of intentionally doing an act with knowledge it contains

1. All rule references are to Missouri Court Rules (2012), unless otherwise specified.

a risk of harm to others. To be reckless, a person must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent. The difference between reckless conduct and negligent conduct is a difference in degree of risk, but this difference of degree is so marked as to amount substantially to a difference in kind.

*Id.* at 539–40 (internal citations and quotations omitted).

Appellant argues he was not "reckless" in his failure to file an answer to the Petition for Dissolution. He claims that after Respondent moved out and even while the Petition for Dissolution was pending, they continued in a close and confidential relationship as evidenced by the fact that they spoke to each other by telephone or in person daily. Respondent took Appellant to have cataract surgery performed on his eyes and thereafter personally administered the necessary medication two or three times daily. Respondent jointly and cooperatively entered into some farm lease agreements as "Husband and Wife" in September 2011 (one month before the default). Respondent regularly prepared meals for Appellant while the two were separated and did Appellant's laundry. On the date of the default, Appellant spoke with Respondent by phone. Respondent outlined her plans for the day but did not mention the hearing. Respondent states that she did not "lie" to Appellant, she just did not mention it. Appellant labored under the assumption that they would reconcile, whereas Respondent testified that she was quite adamant that they were getting a divorce.

Respondent counters that she insisted to Appellant that they were getting a divorce even though they had an amicable relationship. She notes that Appellant paid her for the laundry and the meal preparation; she also signed the lease during the separation under protest and because Appellant said he could not enter a lease as a married person if she did not sign it. There are no custody, visitation, or maintenance issues.

Although this is a close call, we defer to the discretion of the trial court. Appellant was served with a summons which advised him that a default could be taken after thirty days if he did not respond. He chose not to respond. Respondent was under no obligation to inform Appellant of the date of the dissolution hearing. We accept the trial court's finding that the parties did not have a personal and confidential relationship at this point in their marriage. Wife had moved out, she clearly stated that they were getting a divorce, and did not back down from that position. The judgment is affirmed.

GARY W. LYNCH, P.J., and WILLIAM W. FRANCIS, JR., J., Concur.