**CITY OF JOPLIN, Missouri, and Joplin Redevelopment Corporation, Inc., Plaintiffs–Respondents,**

v.

**WALLACE BAJJALI DEVELOPMENT PARTNERS, L.P., and David G. Wallace, and Costa Bajjali, Defendants–Appellants.**

**No. SD 34635**

Missouri Court of Appeals, Southern District, Division One.

Filed: March 29, 2017

Application for Transfer to Supreme Court Denied June 28, 2017

ATTORNEYS FOR APPELLANTS—
WILLIAM J. FLEISCHAKER, Joplin,
MO, ANTHONY L. DEWITT, Joplin, MO

ATTORNEY FOR RESPONDENTS—
RICHARD T. STRODTMAN, Joplin, MO

MARY W. SHEFFIELD, C.J.

Wallace Bajjali Development Partners, L.P. ("Wallace Bajjali") appeals from the trial court's denial of its Rule 74.05(d) motion to set aside a default judgment.[1] Wal-

---

1. All rule references are to Missouri Court Rules (2016).

lace Bajjali argues the trial court erred in denying its motion to set aside the default judgment. Although framed as one point, Wallace Bajjali's argument has two prongs. First, Wallace Bajjali claims the trial court did not apply the correct legal standard because it did not mention Rule 74.05(d) in its judgment. Second, Wallace Bajjali argues the trial court did not apply the correct legal standard because "the evidence submitted to the trial court established good cause and a meritorious defense[.]" We disagree and affirm the trial court's judgment.

## Procedural Background

In 2015, the City of Joplin and the Joplin Redevelopment Corp., Inc. (collectively, "Joplin") filed a lawsuit against Wallace Bajjali, seeking relief under various legal theories based on allegations that Wallace Bajjali had stopped performance under two related contracts after receiving $1,475,000 from Joplin. A return of service was filed indicating that a copy of the summons and petition was delivered to Wallace Bajjali's registered agent, CT Corporation ("CT"). Because Wallace Bajjali had changed its address without informing CT, CT never forwarded the summons and petition to Wallace Bajjali.

Nevertheless, the trial court thereafter entered a default judgment against Wallace Bajjali in the amount of $1,475,000.

On June 12, 2015, Wallace Bajjali filed a motion for new trial.[2] Among other things, Wallace Bajjali claimed in the motion for new trial that service was improper because Wallace Bajjali had never actually received the summons and petition from CT. On August 28, 2015, the trial court entered a judgment denying Wallace Bajjali's motion for new trial ("the 2015 judgment"). The trial court found service was proper because it was made on Wallace Bajjali's registered agent.

On November 1, 2015, Wallace Bajjali filed a motion to set aside the default judgment under Rule 74.05(d). In the motion to set aside the default judgment, Wallace Bajjali pleaded it had good cause for failing to respond to Joplin's lawsuit because Wallace Bajjali never actually received the summons and petition from CT. On August 18, 2016, the trial court entered a judgment ("the 2016 judgment") denying the motion to set aside the default judgment. The 2016 judgment incorporated the 2015 judgment but made no further findings of fact or conclusions of law. Wallace Bajjali appeals.

2. Wallace Bajjali has, in this proceeding, filed a motion to strike Joplin's supplemental legal file and the transcript of the hearing regarding the motion for new trial. Wallace Bajjali argues those materials are not properly part of the record on appeal because a motion to set aside a default judgment is an independent action and the transcript and the documents in the supplemental legal file were never submitted to the trial court for consideration in connection with the motion to set aside the default judgment. This Court ordered the motion to strike taken with the case.

Here, no live testimony was presented at the hearing regarding the motion to set aside the default judgment. However, both parties discussed various items of evidence. Wallace

Bajjali relied on the affidavits and exhibits it submitted in support of the motion to set aside the default judgment. Joplin, in turn, suggested the trial court should consider the testimony Wallace Bajjali's managing partner gave in support of the motion for new trial and the conflicts between that testimony and the evidence submitted in support of the motion to set aside the default judgment. Wallace Bajjali did not object when Joplin's attorney suggested the trial court consider that evidence. Because Wallace Bajjali acquiesced in the procedure in the trial court, Wallace Bajjali is in no position to complain here. *See Ray Klein, Inc. v. Kerr*, 272 S.W.3d 896, 902 (Mo. App. S.D. 2008). Wallace Bajjali's motion to strike is denied.

## Discussion

In its sole point relied on, Wallace Bajjali claims the trial court "failed to apply the correct legal standard and never determined the issues of good cause and a meritorious defense under Rule 74.05(d)" because (1) the trial court did not mention Rule 74.05(d) in its judgment and (2) "the evidence submitted to the trial court established good cause and a meritorious defense to the action[.]" These arguments fail because they ignore the application of Rule 73.01 and our standard of review.

 We first address Wallace Bajjali's assertion that the trial court failed to apply the correct legal standard because the trial court did not mention Rule 74.05(d) in its judgment. Rule 74.05(d) permits a trial court to set aside a default judgment "[u]pon motion stating facts constituting a meritorious defense and for good cause shown[.]" *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686 (Mo. banc 2007) (quoting Rule 74.05(d)). Additionally, "Rule 74.05 does not require the trial court to state a reason for denying a motion to set aside a default judgment." *Court of 5 Gardens Condo. Ass'n v. 10330 Old Drive, LLC*, 326 S.W.3d 834, 837 n.3 (Mo. App. E.D. 2010). Under such circumstances, parties who want to know how the trial court resolved various issues "have the ability to request written findings of fact." *Herron v. Barnard*, 390 S.W.3d 901, 910 (Mo. App. W.D. 2013) (quoting *Pearson v. Koster*, 367 S.W.3d 36, 45 n.3 (Mo. banc 2012)). However, "[w]here neither party in a court-tried case requests findings of fact and conclusions of law under Rule 73.01(c), the trial court's stated findings and conclusions for its judgment are gratuitous only." *Keefhaver v. Kimbrell*, 58 S.W.3d 54, 58 (Mo. App. W.D. 2001). Moreover, "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result

reached." Rule 73.01(c). "And as for the application of the law, '[t]he trial court is presumed to know the law.'" *Herron*, 390 S.W.3d at 910 (quoting *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 822 (Mo. banc 2011)).

Nowhere in the record are we able to find a request for findings pursuant to Rule 73.01. Thus, we rely on the presumption created by Rule 73.01(c) and the applicable case law to determine how the trial court resolved issues which it did not mention in its judgment. The trial court denied the motion to set aside the default judgment, so, in accordance with that result, the law presumes the trial court found Wallace Bajjali failed to meet its burden.

We next address Wallace Bajjali's argument that the trial court failed to apply the correct legal standard because the evidence showed good cause and a meritorious defense. This argument fails.

 The first reason the argument fails is that it is not preserved for appellate review. A challenge that the judgment was not supported by substantial evidence is distinct from a challenge alleging that the trial court failed to apply the correct legal principles. *Interest of E.B.R. v. E.R.*, 503 S.W.3d 277, 281 n.4 (Mo. App. W.D. 2016). However, "[a] point relied on should contain only one issue, and parties should not group multiple contentions about different issues together into one point relied on." *Id.* (quoting *Miller v. O'Brien*, 168 S.W.3d 109, 112 (Mo. App. S.D. 2005)). Points that include more than one issue are multifarious and preserve nothing for appellate review. *Doe v. Ratigan*, 481 S.W.3d 36, 43 (Mo. App. W.D. 2015). Here, Wallace Bajjali, by including in its point relied on the language about what the evidence showed, attempts to package a not-supported-by-the-evidence challenge within the distinct challenge that the trial court failed to apply the correct legal stan-

dard. That approach renders the point multifarious.

 We may, however, in our discretion, review multifarious points *ex gratia*. *E.B.R.*, 503 S.W.3d at 281 n.4. In doing so here, we conclude Wallace Bajjali's argument that its evidence established good cause and a meritorious defense is without merit because it is based on a false premise that the trial court was required to believe the evidence Wallace Bajjali presented.

The trial court is the finder of fact, and this Court is merely a court of review for trial court errors. *E.g.*, *Barkley v. McKeever Enters., Inc.*, 456 S.W.3d 829, 839 (Mo. banc 2015); *Roberson v. Weston*, 255 S.W.3d 15, 19 (Mo. App. S.D. 2008). "In reviewing questions of fact, the reviewing court will defer to the trial court's assessment of the evidence if any facts relevant to an issue are contested." *Pearson*, 367 S.W.3d at 44. "[A] party can contest the evidence in many ways, such as by putting forth contrary evidence, cross-examining a witness, challenging the credibility of a witness, pointing out inconsistencies in evidence, or arguing the meaning of the evidence." *Id.* "Once contested, 'a trial court is free to disbelieve any, all, or none of th[e] evidence,' and 'the appellate court's role is not to re-evaluate testimony through its own perspective.'" *Id.* (quoting *White v. Director of Revenue*, 321 S.W.3d 298, 308–09 (Mo. banc 2010)).

Here, despite Wallace Bajjali's assertions to the contrary, the evidence was contested. At the hearing regarding the motion to set aside the default judgment, Joplin's attorney first suggested the trial court need not believe Wallace Bajjali's evidence and then argued about the meaning of the evidence Wallace Bajjali had presented. Because the evidence was contested, the trial court was not required to believe any of the evidence. *Id.* Under those circumstances, the fact that the trial court did not believe the evidence does not show it failed to apply the correct legal standard.

Wallace Bajjali has not demonstrated the trial court failed to apply the correct legal standard. Wallace Bajjali's sole point is denied.

### Decision

The trial court's judgment is affirmed.

JEFFREY W. BATES, P.J.—CONCURS

DON E. BURRELL, J.—CONCURS