MARY W. SHEFFIELD, P.J.
Steven M. Brown ("Husband") appeals the denial of his Rule 74.05(d) motion to set aside a default judgment.[1] In his sole point on appeal, Husband claims the trial court abused its discretion by refusing to set aside a default judgment dissolving his marriage to Tami J. Montgomery ("Wife").[2] Because Husband failed to prove good cause to set aside the judgment, we affirm.
*380 Factual and Procedural Background
Wife, through counsel, filed a petition in March 2016 to dissolve her marriage to Husband. Husband, after one failed attempt, was served with a summons and copy of Wife's petition on June 15, 2016. Wife's counsel withdrew in early July, and Wife proceeded pro se. No party took any further action until the trial court issued a dismissal notice on September 9, 2016, to both parties stating:
You are hereby notified this case will be dismissed without prejudice for failure to prosecute on October 10, 2016. Any request that case not be dismissed must be in writing, filed and properly noticed before the [c]ourt no later than October 3, 2016.
On October 5, the trial court received a letter from Wife in which Wife requested that the case not be dismissed. The next day, Wife appeared pro se before the court. Husband was not present and had not filed an answer to Wife's petition. The court noted that Wife had appeared to have the case removed from the dismissal docket, but the court stated that it then "elected to take this up as a default, as it most certainly is." The court heard testimony from Wife, and thereafter entered a judgment on October 13 granting Wife the relief she had requested in her petition. A copy of the judgment was mailed to Husband that same date.
Nearly four months later, on February 6, 2017, Husband filed a Rule 74.05(d) motion to set aside the default judgment. A hearing was held on the motion. The court later entered a judgment denying Husband's motion to set aside. This appeal followed.
Standard of Review
"We review the trial court's decision to grant or deny a motion to set aside a default judgment for an abuse of discretion." In re Marriage of Williford , 392 S.W.3d 509, 510 (Mo. App. S.D. 2013).
Analysis
Husband's sole point maintains the trial court abused its discretion in refusing to set aside the default judgment under Rule 74.05(d) because his motion
was timely filed after the judgment entry and good cause existed to set aside the judgment, in that [Husband] did not respond to the petition because [Husband] believed that the matter would be dismissed or resolved by agreement, and [Husband] had a meritorious defense in that there was evidence to rebut the awarding of sole legal and sole physical custody of the minor child to [Wife], and the order of child support, and the allocation of debt, which should have been considered by the trial court.
Rule 74.05(d) provides that a default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown [.]" The motion must be "made within a reasonable time not to exceed one year after the entry of the default judgment." Id. " 'Good cause' includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Id. Here, Husband failed to prove good cause, so we do not address Rule 74.05(d)'s other requirements.
"The party moving to set aside the default judgment has the burden to prove good cause for setting aside the judgment." Brungard v. Risky's Inc. , 240 S.W.3d 685, 688 (Mo. banc 2007). "A motion to set aside a default judgment does not prove itself and must be supported by affidavits or sworn testimony." In re Marriage of Callahan , 277 S.W.3d 643, 644 (Mo. banc 2009). "Granting a motion to set aside a judgment without requiring the *381 party in default to prove the allegations in [that party's] motion is reversible error." Reed v. Reed , 48 S.W.3d 634, 642 (Mo. App. W.D. 2001) (overruled on other grounds as recognized by Vang v. Barney , 480 S.W.3d 473, 476-77 (Mo. App. W.D. 2016) ).
The trial court is the finder of fact, and this Court is merely a court of review for trial court errors. E.g. , Barkley v. McKeever Enters., Inc. , 456 S.W.3d 829, 839 (Mo. banc 2015). "In reviewing questions of fact, the reviewing court will defer to the trial court's assessment of the evidence if any facts relevant to an issue are contested." Pearson v. Koster , 367 S.W.3d 36, 44 (Mo. banc 2012). "[A] party can contest the evidence in many ways, such as by putting forth contrary evidence, cross-examining a witness, challenging the credibility of a witness, pointing out inconsistencies in evidence, or arguing the meaning of the evidence." Id. "Once contested, 'a trial court is free to disbelieve any, all, or none of th[e] evidence,' and 'the appellate court's role is not to re-evaluate testimony through its own perspective.' " Id. (quoting White v. Director of Revenue , 321 S.W.3d 298, 308-09 (Mo. banc 2010) ).
Husband relied on his own affidavit to prove good cause to set aside the default judgment. Wife filed suggestions in opposition to Husband's motion with the trial court in which Wife: (1) contested Husband's evidence for good cause; (2) challenged Husband's credibility; and (3) pointed out inconsistencies in Husband's evidence by claiming that his factual assertions for good cause were themselves "facially contradictory." Consequently, Husband's evidence for good cause was contested, and the trial court was not required to believe any of his evidence. See City of Joplin v. Wallace Bajjali Dev. Partners, L.P. , 522 S.W.3d 327, 331 (Mo. App. S.D. 2017). In addition, the trial court did not abuse its discretion by finding that Husband had failed to meet his burden of establishing good cause because, when determining whether good cause exists, "a court is free to disbelieve statements made by a moving party in its affidavits." Beckmann v. Miceli Homes, Inc. , 45 S.W.3d 533, 542 (Mo. App. E.D. 2001) ; Kocsis v. Kocsis , 28 S.W.3d 505, 508-09 (Mo. App. E.D. 2000). The trial court's judgment did not state a reason for denying Husband's motion to set aside.[3] Nowhere in the record are we able to find a request for findings of fact under Rule 73.01(c), so we must presume that the trial court decided all fact issues in accordance with the result reached (i.e. , the court did not believe and eschewed Husband's statements as to why he failed to file an answer). See City of Joplin , 522 S.W.3d at 330. Without that evidence, Husband cannot meet his burden of proving good cause.[4]
A docket entry on April 27, 2017, notes that both parties appeared with counsel and Husband's motion to set aside was heard. The next docket entry notes that Husband's motion was denied and that exhibits were returned to the parties. Husband has not provided those exhibits for our review, however, and as there apparently *382 is no transcript of that hearing, we have no way of knowing their nature or content (nor what evidence was presented at the hearing). Husband's half-hearted explanation that the trial court simply did not record the April 27 hearing misses the mark.
"Unless there is a statutory mandate requiring that a hearing be held on the record, it is the appellant's responsibility, not the court's, to ensure that a transcript is made in order to preserve the record." Poke v. Mathis , 461 S.W.3d 40, 43 (Mo. App. E.D. 2015). Husband does not claim that a record of the trial court proceedings was required by statute, nor does he claim that he attempted to preserve the record by requesting that the proceedings be recorded. It was incumbent upon Husband, as the appellant, to ensure that the proceedings at the trial level were recorded, yet he failed to do so. As a result, we presume that the transcript would have been unfavorable to Husband. See Beckmann , 45 S.W.3d at 542-43. Husband's point is denied.
Conclusion
The trial court's judgment is affirmed.
GARY W. LYNCH, J.-CONCURS
DON E. BURRELL, J.-CONCURS

All rule references are to Missouri Court Rules (2017).

Wife has not filed a brief on appeal.

In its totality, the judgment reads: "After full consideration of [Husband's] Motion To Set Aside the default judgment, entered on October 13, 2016, in the above-captioned cause of action, said Motion is denied."

Requiring the trial court to issue written findings when it finds evidence not credible would be contrary to Rule 73.01(c). White , 321 S.W.3d at 307 n.9. Of course, a litigant may procure such explicit factual findings from a trial court if a timely and appropriate request is made for such specific findings in accordance with the requirements of Rule 73.01(c).