In the Interest of B.R.S., Plaintiff,

JUVENILE OFFICER, Respondent,

v.

P.S.D.S.L. (Natural Mother), Appellant,

B.R.S. (Natural Father), Appellant.

No. WD 52068.

Missouri Court of Appeals,
Western District.

Feb. 4, 1997.

Kelly A. Gajdos, Rotts & Associates, Michael S. Holder, Copeland Law Offices, Columbia, for appellant.

Elizabeth K. Magee, Columbia, for respondents.

Before ELLIS, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

ELLIS, Presiding Judge.

Natural mother and father, P.S.L. and B.R.S., Sr., appeal from a judgment of the Boone County Circuit Court terminating their parental rights to B.R.S., a male minor child born November 24, 1988.

B.R.S. was first placed in foster care when he was two years old. On April 17, 1991, he was made a Ward of the Court, § 211.031.1(1).[1] On June 24, 1991, the Court ordered that he remain in the custody and under the supervision of the Division of Family Services (DFS) for placement in foster care. From approximately August 22, 1993, through October 4, 1994, the minor lived with his maternal grandparents, despite an earlier ruling from the Court that such placement was improper. On October 4, 1994, the minor entered Rainbow House for emergency care. Thereafter, he was returned to foster care.

On April 3, 1995, the Juvenile Officer of Boone County petitioned the Court to terminate the parental rights of both the natural mother and father. Following a hearing on October 6, 1995, the Court ordered that their parental rights be terminated, and that DFS place the minor in a prospective adoptive home. Both parents appeal.

We will affirm the court's order unless no substantial evidence supports it, it

---

1. All statutory references are to RSMo 1990, unless otherwise noted.

is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Evidence in the record which might support a different conclusion does not necessarily demonstrate the trial court's determination is against the weight of the evidence. *In Interest of J.H.D.,* 748 S.W.2d 842, 843 (Mo.App. E.D.1988) (quoting *In re Adoption of W.B.L.,* 681 S.W.2d 452, 454 (Mo. banc 1984)). We review the facts and all reasonable inferences derived therefrom in the light most favorable to the trial court's order. *In Interest of N.D.,* 857 S.W.2d 835, 838 (Mo.App. W.D.1993).

The Juvenile Officer sought termination under § 211.447.2(3), which provides, in pertinent part:

> The child has been under the jurisdiction of the juvenile court for a period of one year, and the court finds that the conditions which led to the assumption of jurisdiction still persist, ... that there is little likelihood that those conditions will be remedied at an early date so that the child can be returned to the parent in the near future, or the continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home.

The statute further provides:

> In determining whether to terminate parental rights under this subdivision, the court shall consider and make findings on the following:
>
> (a) The terms of a social service plan entered into by the parents and the division and the extent to which the parties have made progress in complying with those terms;
>
> (b) The success or failure of the efforts of the juvenile officer, the division or other agency to aid the parent on a continuing basis in adjusting his circumstances or conduct to provide a proper home for the child;
>
> (c) A mental condition which is shown by competent evidence either to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to

knowingly provide the necessary care, custody and control; and

> (d) Chemical dependency which prevents the parent from consistently providing the necessary care, custody and control over child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control.

§ 211.447.2(3)(a)-(d) (emphasis added).

■ "Severance of the parent-child relationship by act of law is an exercise of awesome power and demands strict and literal compliance with the statutory authority from which it is derived;" ... compliance is mandatory. *D.E.J. v. G.H.B.,* 609 S.W.2d 472, 474 (Mo.App. W.D.1980). Thus, it has been held, based on the plain language of § 211.447.2(3), that the trial court must make findings of fact as to each of the four statutory factors quoted above. *In Interest of J.M.,* 789 S.W.2d 818, 822 (Mo.App. W.D.1990). If the subject matter of any one of the four is not relevant to the disposition of a particular case, a finding should be entered to that effect stating why it is irrelevant. *Id.*

■ A review of the trial court's order reveals the court made findings pursuant to the factors specified under subparagraphs (b) and (c):

> The efforts of the Division of Family Services have failed to aid juvenile's parents on a continuing basis in adjusting their circumstances or conduct to provide a proper home for juvenile; and,
>
> There was no evidence to show that there is a mental condition rendering juvenile's mother and father unable to care for the juvenile.

However, the trial court made no findings as to subparagraph (a) or (d) as to either Mother or Father. The Juvenile Officer's contention that the court's finding that the "father has a history of alcohol abuse" satisfies subparagraph (d) is without merit. This finding falls far short of the statute's directive, in the first instance because it addresses only Father, but more importantly, because it is not a finding as to whether either parent has an untreatable dependency which prevents them from consistently providing the necessary care, custody and control of the minor.

"This court is not in a position to overlook the clear statutory mandate that 'the court *shall* consider and make findings ...' as to subparagraphs (a) through (d)." *In Interest of J.M.*, 789 S.W.2d at 822. Since the court's failure to make findings as to subparagraphs (a) and (d) compels reversal and remand, we do not reach the other points raised by Mother and Father on appeal. *In Interest of D.A.H.*, 921 S.W.2d 618, 624 (Mo.App. W.D. 1996).

The trial court's judgment terminating Mother and Father's parental rights to B.R.S. is reversed and remanded, with directions that the trial court consider the record herein and enter findings upon said record with respect to subparagraphs (a) and (d) of § 211.447.2(3).

All concur.