James A. Fluker, Crain & Fluker, Kansas City, for appellant.

Max Von Erdmannsdorff, Stephen L. Mowry, Von Erdmannsdorff & Mowry, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and SPINDEN and RIEDERER, JJ.

**In the Interest of R.E.A., J.D.A., C.J.A. and A.M.S., Plaintiff.**

**Alan GREMLI, Juvenile Officer, Respondent,**

v.

**S.D.A. (Natural Mother), Appellant.**

**No. WD 54384.**

Missouri Court of Appeals, Western District.

June 30, 1998.

BRECKENRIDGE, Presiding Judge.

S.D.A. (Mother) appeals from the trial court's order terminating her parental rights to her four children. The parental rights of R.E.A. (Father) were also terminated, but he does not appeal from that order. In her appeal, Mother claims that the trial court did not have clear, cogent and convincing evidence to support its judgment. Because the trial court failed to comply with the mandatory statutory provisions of § 211.447.2(3),[1] the judgment of the trial court is reversed and remanded.

**I. Factual and Procedural Background**

Mother has three sons: A.S., age nine, R.A., age eight, and J.A., age six. Mother also has one daughter: C.A., age four. On August 18, 1994, all four children were taken under the jurisdiction of the court pursuant to a petition which alleged that the children were without proper care, custody and support. In particular, the petition alleged that Mother had left the children alone without adequate supervision and that Mother had signed an information sheet stating that she did not have a home to provide the children. Nor did Mother have steady employment or income to provide for the needs of the children. At that time, the children were placed in four separate foster homes.

---

1. All statutory references are to the Revised Statutes of Missouri, 1994. Section 211.447 was amended in 1997, but the amendment became effective after the date of trial in this matter.

Subsequently, Mother and Father entered into several social service plans designed to improve the conditions and create a stable and comfortable environment to which the children could return. However, Mother and Father made little improvement and failed to comply with the terms of these plans. Therefore, on December 3, 1996, the juvenile officer filed four petitions to terminate Mother's parental rights to her children. The petitions alleged that the children had been under the jurisdiction of the juvenile court for more than a year and that the conditions which led to the assumption of jurisdiction continued to exist. Following a hearing on April 24, 1997, the trial court terminated Mother and Father's parental rights to all four of the children. Mother appeals from this order.

## II. Standard of Review

A statutory ground for termination of parental rights must be proven by clear, cogent and convincing evidence. Section 211.447.2. This court affirms the trial court's order unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *In Interest of J.M.L.*, 917 S.W.2d 193, 195 (Mo.App.1996); *In Interest of J.N.C.*, 913 S.W.2d 376, 379 (Mo.App.1996). This court reviews the facts and all reasonable inferences in the light most favorable to the trial court's order and will reverse and remand only if left with a firm impression that the judgment is wrong. *J.M.L.*, 917 S.W.2d at 195.

## III. Analysis

■ Mother's sole point on appeal is that there was not clear, cogent and convincing evidence to support the trial court's termination of her parental rights and that such termination was not supported by any statutory grounds and was against the weight of the evidence. Mother argues that the trial court failed to take into account her "substantial compliance" with the service agreements and that there was never an attempt made to reunite the children with her. Furthermore, Mother argues that the trial court failed to take into account the emotional ties that existed between her and the children.

Section 211.447.2 states that the juvenile court may terminate the rights of a parent if it finds that the termination is in the best interests of the child and it appears by clear, cogent and convincing evidence that either: (1) the child has been abandoned; (2) the child has been adjudicated to have been abused or neglected; or (3) the child has been under the jurisdiction of the juvenile court for one year and the conditions which led to the assumption of jurisdiction still persist or harmful conditions exist, there is little likelihood that those conditions will be remedied at an early date, or the continuation of the parent-child relationship diminishes the child's prospects for integration into a stable and permanent home. The existence of only one of these statutory grounds is necessary to terminate a parent's rights. *In Interest of K.O.*, 933 S.W.2d 930, 933 (Mo. App.1996).

Here, the trial court terminated Mother's parental rights pursuant to § 211.447.2(3), which provides for termination if a child has been under the juvenile court's jurisdiction for a period of one year and the conditions that led to the assumption of jurisdiction still exist and there is little likelihood that those conditions will be remedied. When terminating parental rights under this subdivision, the juvenile court must consider and make findings on four factors:

(a) The terms of a social service plan entered into by the parent and the division and the extent to which the parties have made progress in complying with those terms;

(b) The success or failure of the efforts of the juvenile officer, the division or other agency to aid the parent on a continuing basis in adjusting his circumstances or conduct to provide a proper home for the child;

(c) A mental condition which is shown by competent evidence either to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control;

(d) Chemical dependency which prevents the parent from consistently provid-

ing the necessary care, custody and control over the child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control. Section 211.447.2(3)(a)-(d).

█ "Severance of the parent-child relationship by act of law is an exercise of awesome power and demands strict and literal compliance with the statutory authority from which it is derived...." *In Interest of B.R.S.*, 937 S.W.2d 773, 774 (Mo.App.1997). Compliance with these statutory provisions is mandatory. *Id.* Pursuant to the plain language of the statute, the court must make specific findings as to each of these four factors. *Id.; In Interest of J.M.*, 789 S.W.2d 818, 822 (Mo.App.1990). If a factor is not relevant to the case, the trial court must state why the particular factor is not relevant. *In Interest of D.A.H.*, 921 S.W.2d 618, 622 (Mo.App.1996).

A review of the trial court's order in this case reveals that the court made findings with respect to the factors specified under subparagraphs (a) and (b) with respect to each child. The trial court found that Mother had been "presented with social plans by the Clay County Division of Family Services which were designed to aid and cause her to rectify conditions in order that the child[ren] could be returned to a parent." Despite this, the trial court found that Mother had failed to meet any of her child support obligations under the plans and had failed "to maintain a home or employment since the child[ren] came under the jurisdiction of the court" and failed to provide a good home and nurturing environment for the children. The trial court also made a finding that the Clay County Division of Family Services "ha[d] made diligent efforts to aid the mother to adjust her circumstances and conduct to provide a proper home for the child[ren]."

However, the trial court failed to make any findings as to subparagraphs (c) and (d). Although there may not have been any evidence regarding Mother's mental condition, the trial court was obligated "to state that grounds for termination under that subsection did not exist." *In Interest of H.R.R.*, 945 S.W.2d 85, 89 (Mo.App.1997). Furthermore, there was evidence of Mother's chemical dependency but the trial court failed to make any finding with regard to this factor in its order.

"This court is not in a position to overlook the clear statutory mandate that 'the court *shall* consider and make findings ...' as to subparagraphs (a) through (d)." *J.M.*, 789 S.W.2d at 822. Because the trial court failed to make findings in compliance with the statute regarding subparagraphs (c) and (d), this court must reverse and remand the judgment. *B.R.S.*, 937 S.W.2d at 775.

The trial court's judgment terminating Mother's parental rights to the four minor children is reversed and remanded, with directions that the trial court consider the record herein and enter findings upon that record with respect to subparagraphs (c) and (d) of § 211.447.2(3).

All concur.