**In the Interest of A.P., B.P. and K.P., M.P. and B.D.P., Natural Parents, Appellants.**

No. 22333.

Missouri Court of Appeals, Southern District, Division One.

Feb. 24, 1999.

J. Michael Cato, Advance, for appellant.

John T. Welch, Malden, for Stoddard County Juvenile Officer.

### JOHN E. PARRISH, Judge

M.P. and B.D.P. (appellants) are the parents of A. P., B.P. and K.P. They appeal a judgment terminating parental rights. This court reverses and remands with directions that the trial court consider the record before it and evaluate and enter findings with respect to conditions or acts of the parents concerning conduct specified in § 211.447.2(2)(c)[1] and factors enumerated in § 211.447.3(3), (4), (5), (6) and (7).

The statutory authority on which the trial court relied in terminating parental rights was §§ 211.447.2(2) and (3). The trial court found that the children had been neglected. It further found that they had been under the jurisdiction of the juvenile court for a period of one year; that the conditions that led to the juvenile court assuming jurisdiction still persisted, and conditions of a potentially harmful nature continued to exist. It found there was little likelihood those conditions would be remedied at an early date so that the children could be returned to the parents in the near future; that continuation of the parent-child relationship would greatly diminish the children's prospects for early integration into a stable and permanent home. The trial court concluded it was in the best interests of the children to terminate parental rights.

Two of appellants' three allegations of error, Points I and III, contend the trial court failed to comply with statutory requirements to consider and make findings concerning factors it was required to address. Appellants correctly point out that the power given the juvenile court to terminate parental rights is purely statutory; that severance of a parent-child relationship demands literal compliance with the statutory authority from which the power is derived. *See In Interest of W.F.J.*, 648 S.W.2d 210, 214 (Mo.App. 1983). A juvenile court may terminate parental rights if it finds one or more statutory grounds exist and termination is in a child's best interests. § 211.447.2. *See also* § 211.477.1, RSMo 1994.

Point I asserts the trial court failed to consider and make findings required by §§ 211.447.2(2)(b) and (c) and 211.447.2(3)(d). Section 211.447.2(2) provides that a juvenile court may terminate parental rights if "[t]he child has been abused or neglected." It requires, however, that the court consider and make findings on certain "conditions or acts of the parent" in determining whether to terminate parental rights on that ground. Those "conditions or acts" include:

. . .

(b) Chemical dependency which prevents the parent from consistently providing the necessary care, custody and control of the child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control;

(c) A severe act or recurrent acts of physical, emotional or sexual abuse toward the child or any child in the family by the parent, including an act of incest, or by another under circumstances that indicate that the parent knew or should have known that such acts were being committed toward the child or any child in the family; . . . .

The grounds for terminating parental rights set forth in § 211.447.2(3) is a finding that "[t]he child has been under the jurisdiction of the juvenile court for a period of one year" and that conditions that caused the child to be placed under juvenile court jurisdiction persist or conditions of a potentially harmful nature continue to exist and there is little likelihood that those conditions will be

---

**1.** References to statutes are to RSMo Supp.1997    unless stated otherwise.

remedied at an early date so as to permit return of the child to the parent, or that continuation of the parent-child relationship would greatly diminish the child's prospects for integration into a stable and permanent home. In determining whether to terminate parental rights on the basis of § 211.447.2(3), the court must consider and make findings on four factors. One factor is:

. . .

(d) Chemical dependency which prevents the parent from consistently providing the necessary care, custody and control over the child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control; . . . .

■ The trial court made extensive findings of fact and conclusions of law. No finding was made, however, as to whether a severe act or recurrent acts of physical, emotional or sexual abuse had occurred toward any of the children or another child in the family by a parent or another under circumstances that indicated the parent knew or should have known that such an act occurred. Appellants' allegation that the trial court failed to make the finding required by § 211.447.2(2)(c) is well taken.

■ The allegations that the trial court did not make a finding concerning chemical dependency as required by §§ 211.447.2(2)(b) and 211.447.2(3)(d) are not well taken. The trial court's findings include:

That neither parent is shown to have a chemical dependency which prevents that parent from consistently providing the necessary care, custody and control over the children.

■ Point III asserts the trial court erred in terminating parental rights because it did not comply with requirements of § 211.447.3 to evaluate and make findings on all factors required by that provision of the termination statute. Section 211.447.3 requires a court considering whether to terminate parental rights on the basis of §§ 211.447.2(2) and (3) (as well as other grounds not applicable to this appeal) to evaluate and make findings on

the following factors "when appropriate and applicable to the case:"

(1) The emotional ties to the birth parent;

(2) The extent to which the parent has maintained regular visitation or other contact with the child;

(3) The extent of payment by the parent for the cost of care and maintenance of the child when financially able to do so including the time that the child is in the custody of the division or other child-placing agency;

(4) Whether additional services would be likely to bring about lasting parental adjustment enabling a return of the child to the parent within an ascertainable period of time;

(5) The parent's disinterest in or lack of commitment to the child;

(6) The conviction of the parent of a felony offense that the court finds is of such a nature that the child will be deprived of a stable home for a period of years; provided, however, that incarceration in and of itself shall not be grounds for termination of parental rights;

(7) Deliberate acts of the parent or acts of another of which the parent knew or should have known that subjects the child to a substantial risk of physical or mental harm.

The trial court made findings on factors (1) and (2). It found the emotional ties of the children to their parents were not strong. It found that neither parent provided support for the children and that contact between the parents and the children had been limited and restricted. The trial court found that the children had been separated from their parents for more than two years and that the natural parents' visitations with the children had been pursuant to a schedule provided by the Missouri Division of Family Services; that the contact between the parents and the children had been "limited and restricted."

The trial court stated it had "evaluated each factor contained in Section 211.447.3 finding that Paragraphs 1, 2, 3, 4, 5 and 7 [were] applicable to both the natural mother and the natural father and, further, that the

provisions of Paragraph 6 [were] applicable to the natural mother." Although the trial court determined those factors were applicable, it made no findings with respect to them. Section 211.447.3 provides "the court *shall* evaluate and *make findings*" on the factors it determines applicable to the case. (Emphasis added.) *See In Interest of F.N.M.*, 951 S.W.2d 702, 706 (Mo.App.1997); *In Interest of K.O.*, 933 S.W.2d 930, 933 (Mo.App. 1996). It failed to do so with respect to factors (3), (4), (5), (6) and (7). Point III is well taken.

Statutory mandates to make findings may not be overlooked on appeal. *In Interest of R.E.A.*, 971 S.W.2d 865, 867 (Mo.App. 1998); *In Interest of D.A.H.*, 921 S.W.2d 618, 624 (Mo.App.1996). Because the trial court failed to make findings in compliance with § 211.447.2(2)(c) and § 211.447.3(3), (4), (5), (6) and (7), the judgment must be reversed and remanded to the trial court with directions that it make additional findings with respect to the factors specified in those statutes.

Appellants' second allegation of error is that the trial court erred in terminating parental rights because the evidence was insufficient to permit the court to conclude that further contact between the parents and the children would be harmful to the children. Appellants rely on language in *In re S.P.W.*, 707 S.W.2d 814, 827 (Mo.App.1986), to support their allegation that this determination is required. To the extent that this would be a relevant issue, a question this court need not, and does not, decide for purposes of this appeal, it would go to the question of whether termination of parental rights was in the best interests of the children. That determination is an ultimate conclusion for the trial court to make based on the totality of the evidence. *In re S.L.B.*, 964 S.W.2d 504, 509 (Mo.App.1998). This court declines further review of Point II.

The trial court was required to evaluate and make findings on factors specified by § 211.447.2(2) and (3) and § 211.447.3. It did not complete that task. The judgment is reversed and remanded. The trial court is directed to make further findings in accordance with this opinion and to enter judg-

ment consistent with the evidence in the case.

PREWITT, P.J., and CROW, J., concur.