**In the Interest of C.N.G.**

**No. WD 61373.**

Missouri Court of Appeals, Western District.

Nov. 26, 2002.

Jack A. Lewis, North Kansas City, for Appellant.

John Richard Shank, Jr., Kansas City, for Respondent.

PAUL M. SPINDEN, Presiding Judge.

M.G.S. appeals the circuit court's judgment terminating her right to parent her son, C.N.G.[1] She contends that clear, cogent and convincing evidence did not sup-

---

1. The court also terminated the parental rights of C.W.B., C.N.G.'s father, but C.W.B. did not appeal the circuit court's judgment.

**566**

port the circuit court's termination of her parental rights pursuant to § 211.447.4(3), RSMo 2000.[2] Because the circuit court did not make the required findings under § 211.447.4(3), we reverse the circuit court's judgment and remand with directions that the circuit court enter its judgment in accordance with § 211.447.

■ In its judgment terminating M.G.S.'s parental rights, the circuit court said:

The child has been under the jurisdiction of the Juvenile Court for a period in excess of one year prior to the date of the filing of this petition.

(1) Conditions which led to the assumption of jurisdiction still persist and there is little likelihood that those conditions will be remedied at an early date so that the child can be returned to a parent in the near future; the continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home.

(2) Pursuant to Section 211.447.4(3)(a) and (b), [M.G.S.] has been presented with Written Service Agreements by the Clay County Division of Family Services which were designed to aid and cause her to rectify conditions in order that the child could be returned to a parent. The Clay County Division of Family Services has made diligent efforts to aid the mother to adjust her circumstances and conduct to provide a proper home for the child and have provided her with numerous services. Despite these efforts, the mother has been unable or unwilling to benefit from the services

and to sufficiently comply with the term of the plan so as to adequately and consistently provide the child with a safe, stable home. By her own deliberate acts, [M.G.S.] has diminished her ability to have a relationship with the child. She has shown a lack of commitment to and disinterest in the welfare of the child. There is little likelihood services would bring about lasting parental adjustment enabling a return of the child to the parent within an ascertainable period of time.

(3) Section 211.447.4(3)(c) RSMo., as revised, is not relevant in the termination of the parental rights of [M.G.S.] in, to and over [C.N.G.], in that she is not found to have mental conditions which are permanent, untreatable or which prevent her from providing the necessary care, custody and control over the child.

(4) Regarding Section 211.447.4(3)(d) RSMo., as revised, it is found that [M.G.S.] has a long history of drug abuse and her history of abuse has recently been repeated. This abuse does not, however, rise to a level of chemical dependency that would make her unable to act as a responsible parent.

■ The circuit court's judgment did not make findings setting forth which conditions led to the assumption of jurisdiction and which of these conditions still remained at the time of trial.[3] *In Interest of T.A.S.,* 32 S.W.3d 804, 812 (Mo.App. 2000); *cf. In Interest of A.S.O.,* 52 S.W.3d 59, 64–65 (Mo.App.2001) ("[A]lthough the trial court's findings are not a model for future judgments, ... the judgment is

 **2.** M.G.S. also complains that the circuit court erred in terminating her parental rights pursuant to § 211.447.4(6) and § 211.447.4(2)(d). The circuit court, however, did not terminate her parental rights under these sections.

**3.** The circuit court did not make a finding that "conditions of a potentially harmful nature continue to exist," which is also allowed under § 211.447.4(3).

minimally sufficient in explaining the conditions which led to assumption of jurisdiction as well as the continuing circumstances.") Hence, we are unsure which conditions the circuit court found led to the assumption of jurisdiction and which of those conditions persisted. Because M.G.S. challenges the sufficiency of the evidence to support termination on the basis of failure to rectify, the circuit court's failure to make findings concerning the conditions that led to the assumption of jurisdiction and the conditions that persisted hinders our review on appeal. *See In Interest of A.A.R.*, 71 S.W.3d 626, 637–38 (Mo.App.2002).

Moreover, a circuit court must make either specific findings on each of the four factors outlined in § 211.447.4(3) or state why a given factor is not relevant to the case before it.[4] *T.A.S.*, 32 S.W.3d at 810. " 'Severance of the parent-child relationship by act of law is an exercise of awesome power and demands strict and literal compliance with the statutory authority from which it is derived[.]' " *In Interest of B.R.S.*, 937 S.W.2d 773, 774 (Mo.App.1997) (citation omitted). Compliance with these statutory requirements is mandatory. *Id.* at 775.

Section 211.447.4(3)(a) required the circuit court to make findings on "[t]he terms of a social service plan entered into by the parent and the division and the extent to which the parties have made progress in complying with those terms[.]" This section mandates that the circuit court's findings identify "the plan and the terms thereof, when determining and finding the extent to which the parties have made progress in complying with such terms." *In Interest of N.M.J.*, 24 S.W.3d

771, 781 (Mo.App.2000); *A.S.O.*, 52 S.W.3d at 66. "The purpose is to ensure that all reasonable means to help the parent remedy the adverse conditions were utilized to no avail." *A.S.O.*, 52 S.W.3d at 66.

In this case, the circuit court's findings did not identify the social service plan or the terms of the plan. The judgment merely found that [M.G.S.] had "been presented with Written Service Agreements ... which were designed to aid and cause her to rectify conditions in order that the child could be returned to a parent" and that M.G.S. was "unable or unwilling ... to sufficiently comply with the term of the plan[.]" Although the circuit court is not required to quote verbatim the terms of the plan in its judgment, it must make findings that sufficiently identify the plan and the terms with which the parent did not comply. *In Interest of A.A.R.*, 39 S.W.3d 847, 852 (Mo.App.2001).

Section 211.447.4(3)(b) requires the court to make findings on "[t]he success or failure of the efforts of the juvenile officer, the division or other agency to aid the parent on a continuing basis in adjusting his circumstances or conduct to provide a proper home for the child[.]" In its judgment, the circuit court found that the Division of Family Services "has made diligent efforts to aid the mother to adjust her circumstances and conduct to provide a proper home for the child and have provided her with numerous services" and that M.G.S. was "unable or unwilling to benefit from these services ... so as to adequately and consistently provide the child with a safe, stable home." As this court found in *A.S.O.*, 52 S.W.3d at 66, this finding is

---

4. The circuit court did make sufficient findings under § 211.447.4(3)(c) and (d) by finding that M.G.S. did not have a mental condition which rendered her unable to care for the child and that M.G.S.'s history of drug abuse did not make her unable to act as a responsible parent.

**568**

merely "conclusory" and is insufficient under § 211.447.4(3)(b).

The circuit court's judgment merely tracked the language of § 211.447.4(3) and did not constitute findings. Hence, we reverse the circuit court's judgment and remand with directions that the circuit court enter its findings, conclusions and judgment in accordance with § 211.447.

PATRICIA A. BRECKENRIDGE, Judge, and THOMAS H. NEWTON, Judge, concur.