In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

 ) No. ED109493
 )
 IN THE INTEREST OF: D.L.P., T.H., ) Appeal from the Circuit Court of
 W.C.H., A.G.H., AND R.S.M.H. ) Washington County
 )
 ) Honorable Wendy W. Horn
 )
 )
 ) Filed: December 7, 2021

 Introduction

 Biological Mother (“Appellant”) appeals the judgment of the 24th Judicial Circuit Court

(“trial court”) terminating her parental rights following a hearing.

 Appellant raises four points on appeal. In Point I, Appellant argues the trial court erred

and abused its discretion in denying her motion to reopen the evidence following the trial court’s

judgment. In Point II, Appellant argues the trial court’s finding grounds existed to terminate her

parental rights was against the weight of the evidence. In Point III, Appellant argues the trial

court erred in terminating her parental rights because the evidence presented against her only

proved she is poor. In Point IV, Appellant argues the trial court misapplied the law by failing to

state the clear, cogent, and convincing evidence standard in its judgment terminating her parental

rights.
 Points II and IV are granted. We remand to the trial court for proceedings consistent with

our opinion. Because Points II and IV are dispositive, we decline to address Points I and III.

 Factual and Procedural Background

 Appellant is the mother of five children, four of whom are the subject of this appeal.

Appellant’s children were taken into Washington County Children’s Division custody on

November 20, 2018, following an October 12, 2018 report indicating Appellant and her children

were living in a shed without central heat, refrigeration, or running water. Some children did not

have beds and shared a blanket. Twenty-five dogs lived in the shed. There was very little food.

 An investigation conducted by the Children’s Division alleged the children were

subjected to an unstable and unsafe living environment in Appellant’s care. The investigation

included the allegation Appellant’s children had been periodically held out of school by

Appellant and on other occasions attended school filthy and caked in mud, having gone weeks to

months without bathing. The children did not own toothbrushes. The children were occasionally

forced to find alternate housing with family and friends while the electricity in their home was

out for several days at a time. The children were hungry and got in trouble for eating at home.

The children occasionally asked neighbors for food.

 Appellant consented to a social service plan in December 2018. The plan set forth several

requirements, including participation in parent aid and substance abuse services; drug screening;

counseling; and acquisition and maintenance of a stable home environment free of safety

hazards, with working utilities and adequate space for Appellant and her children. The home was

to be obtained within ninety days and maintained during the case. The plan also required

Appellant obtain employment within sixty days and maintain the employment during the case.

Appellant had to provide verification of the employment within twenty days of obtaining it.

 2
Appellant agreed to acknowledge her past abuse and to attend all school meetings and medical

appointments about her children and meetings with the Children’s Division. Appellant

consistently paid court-ordered child support.

 The Children’s Division asserted Appellant has affection for her children and kept in

contact with the Division but did not obtain suitable housing or employment following the

removal of the children from her care.

 At Appellant’s termination of parental rights hearing on November 12, 2020, Julie

Yearous (“Yearous”), a caseworker with the Children’s Division, testified Appellant lived in

multiple places during her involvement with the case. Yearous testified in 2019 Appellant lived

in a group home without room for Appellant’s children. Appellant’s living space was compared

to a dormitory bedroom. Caseworker Emily Brown (“Brown”) testified on March 8, 2019, she

conducted a home visit while Appellant was residing with her boyfriend, Biological Father,

Biological Father’s girlfriend, and other children in a three-bedroom home. The house was

cramped and Brown believed the required setup of beds to accommodate the children presented a

fire hazard. The Children’s Division’s report indicates Appellant also lived in a one-bedroom

home with her boyfriend. Children’s Division case manager Tonya Shearin (“Shearin”) testified

at the time of the hearing Appellant lived in a two-bedroom home with her boyfriend’s family

without room for “any children.” The investigation indicated Appellant claimed she applied for a

three-bedroom apartment but never rented it.

 Yearous testified the Children’s Division was denied entry to the most recent home.

Appellant stated in her brief home visits were rebuffed in this residence due to the Covid-19

pandemic. Yearous testified she was “reluctantly” allowed in the home by Appellant’s boyfriend

 3
in August 2020, and she observed the home was not appropriate for reunification of Appellant

and her children.

 Yearous testified Appellant obtained reliable transportation under her social service plan,

but the vehicle still could not seat Appellant and all her children at one time.

 The Children’s Division’s report indicated Appellant did not maintain and verify

employment suitable to support the children throughout the case. She had been employed with a

nursing home but was laid off and received only unemployment income. Brown testified she

worked with Appellant from January through July 2019, and Appellant never verified she had

employment. Shearin testified Appellant’s boyfriend was injured at work and the couple was

waiting on a large settlement to help obtain housing.

 Both parties agree Appellant did not complete her counseling. Testimony by Children’s

Division employees clarified this was due to the failure of the Division to secure funding. Before

this failure, Appellant regularly attended required counseling services.

 Following the hearing, the 24th Judicial Circuit Court terminated Appellant’s parental

rights on November 23, 2020. The court found grounds for termination existed under sections

211.447.5(3) and 211.447.5(5) and termination was in the children’s best interest.1 This appeal

follows. We will include additional factual and procedural history below as necessary to address

the parties’ arguments.

1
 All statutory citations are to RSMo (2018), unless otherwise indicated. The trial court’s judgment refers to section
211.447.5(6) in reference to the parental unfitness ground for termination. Unfitness was codified under section
211.447.5(6) until August 28, 2018, when the ground was relocated to section 211.447.5(5). We apply the version of
the statute in effect when the petition for termination of parental rights was filed. In re S.L.J., 3 S.W.3d 902, 905
(Mo. App. S.D. 1999). Because the petition was filed in May 2020, we apply the updated version of the statute. The
ground itself is substantially the same. See Int. of E.B.R. v. E.R., 503 S.W.3d 277, 283 (Mo. App. W.D. 2016).

 4
 Standard of Review

 We will affirm the trial court's judgment terminating a party's parental rights unless there is

no substantial evidence to support it, it is against the weight of the evidence, or it erroneously

declares or applies the law. In re S.Y.B.G., 443 S.W.3d 56, 59 (Mo. App. E.D. 2014) (citing In re

C.J.G., 75 S.W.3d 794, 797 (Mo. App. W.D. 2002)). The judgment will be reversed only if we

are left with a firm belief the judgment is wrong. Id. The evidence is viewed in the light most

favorable to the trial court's judgment and we defer to the court's determination regarding

credibility of witnesses. S.Y.B.G., 443 S.W.3d 56, 59 (citing In re J.M.S., 83 S.W.3d 76, 82 (Mo.

App. W.D. 2002)). The party seeking termination bears the burden of proof in a termination of

parental rights proceeding. Id.

 Discussion

 A court’s decision to terminate parental rights is an exercise of an awesome power we do

not review lightly. Int. of T.M.L., 615 S.W.3d 100, 103 (Mo. App. E.D. 2020) (citing In re J.R.,

347 S.W.3d 641, 645 (Mo. App. E.D. 2011)). A parent's right to raise her children is a

fundamental constitutional right. J.R., 347 S.W.3d at 644 (citing In re C.F., 340 S.W.3d 296, 298

(Mo. App. E.D. 2011)). To terminate a person’s parental rights, a court must conduct a two-step

analysis. S.Y.B.G., 443 S.W.3d at 59.

 First, the trial court must find by “clear, cogent, and convincing evidence” one or more

grounds for termination of parental rights exists. S.Y.B.G., 443 S.W.3d at 59 (citing In re G.G.B.,

394 S.W.3d 457, 472 (Mo. App. E.D. 2013)). “Clear, cogent, and convincing evidence” is

evidence that instantly tilts the scales in favor of termination when weighed against the evidence

in opposition and the trier of fact is left with an abiding conviction that the evidence is true.

S.Y.B.G., 443 S.W.3d at 59 (citing In re E.F.B.D., 245 S.W.3d 316, 319 (Mo. App. S.D. 2008)).

 5
This standard may be satisfied even when evidence contrary to the trial court's finding is

presented or the evidence might support a different conclusion. Id.

 If the trial court finds at least one of the statutory grounds for termination exists, the court

must then determine whether, by a preponderance of the evidence, the termination of parental

rights is in the child's best interest. S.Y.B.G., 443 S.W.3d at 59 (citing In re K.A.C., 246 S.W.3d

537, 543 (Mo. App. S.D. 2008)). The “best interest” determination is a subjective assessment

based on the totality of the circumstances. S.Y.B.G., 443 S.W.3d at 59 (citing G.G.B., 394

S.W.3d at 472). We review the trial court's best interest determination for an abuse of discretion.

S.Y.B.G., 443 S.W.3d at 59 (citing In re P.L.O., 131 S.W.3d 782, 789 (Mo. banc 2004)). An

abuse of discretion occurs only when the trial court's ruling is “clearly against the logic of the

circumstances and so unreasonable and arbitrary that it shocks the sense of justice and indicates a

lack of careful, deliberate consideration.” S.Y.B.G., 443 S.W.3d at 59 (quoting In re S.R.J., Jr.,

250 S.W.3d 402, 406 (Mo. App. E.D. 2008)).

 Section 211.447 provides the statutory grounds for judicial termination of parental rights.

The trial court found grounds existed for the termination of Appellant’s parental rights under

section 211.447.5(3) and section 211.447.5(5). These are separate grounds for termination and

we will affirm the trial court’s ruling if either is appropriate. Missouri Dep’t of Soc. Servs.,

Children’s Div. v. B.T.W., 422 S.W.3d 381, 394 (Mo. App. W.D. 2013) (citing In re B.J.H., Jr.,

356 S.W.3d 816, 825 (Mo. App. W.D. 2012)) (“[O]nly one statutory ground need be proven to

support termination[.]”).

 Under section 211.447.5(3), a court may terminate parental rights if it finds the children

have been under the court’s jurisdiction for at least one year and the conditions which led to the

assumption of jurisdiction still persist, or conditions of a potentially harmful nature continue to

 6
exist, there is little likelihood those conditions will be remedied at an early date so the child can

be returned to the parent in the near future, or the continuation of the parent-child relationship

greatly diminishes the child’s prospects for early integration into a stable and permanent home.

This ground is colloquially called “failure to rectify.” In re A.L.M., 354 S.W.3d 645, 653 (Mo.

App. S.D. 2011).

 In reaching a termination decision under failure to rectify, the court must make findings

regarding (a) the terms of a social service plan and the extent of its completion; (b) the success or

failure of the Division to aid the parent in adjusting their circumstances or conduct to provide a

proper home for the children; (c) any relevant mental condition; and (d) any relevant chemical

dependency. Section 211.447.5(3). These four factors are not separate grounds for termination by

themselves, but categories of evidence the court may consider along with all other relevant

evidence in determining whether grounds for termination exist under section 211.447.5(3).

S.Y.B.G., 443 S.W.3d at 60 (citing G.G.B., 394 S.W.3d at 468). Although the court must consider

and make findings as to all four factors, the proof of just one is sufficient for termination.

S.Y.B.G., 443 S.W.3d at 60–61 (citing In re N.M.J., 24 S.W.3d 771, 783 (Mo. App. W.D. 2000)).

 The trial court found the children had been under its jurisdiction for more than one year;

conditions of a potentially harmful nature continued to exist with little likelihood those

conditions would be remedied at an early date allowing the return of the children to Appellant in

the near future; and continuation of the parent-child relationship would diminish the children’s

prospects for an early integration into a stable and permanent home. Regarding the additional

four factors, the court found Appellant made some progress in complying with her social service

plan, but did not complete it by the time of the hearing; did not have an appropriate home for the

children; could not supervise all her children at one time; did not have adequate employment to

 7
support the children; could not transport all the children at one time; and had not completed

counseling services required by the plan. The court found efforts of the juvenile officer,

Children’s Division and other agencies to aid Appellant to provide a proper home for the

children failed. The court found Appellant continued to have great difficulty parenting and

supervising all of her children at one time during supervised visitation. The court found

Appellant does not have a relevant mental condition or chemical dependency. The court found

Appellant did not commit any deliberate acts or allow deliberate acts of others which she knew

or should have known subjected the children to a substantial risk of physical or mental harm.

 Under section 211.447.5(5), the court may terminate parental rights if it finds a parent is

unfit to be a party to the parent-child relationship because of a consistent pattern of committing a

specific abuse including, but not limited to, specific conditions directly relating to the parent and

child relationship determined by the court to be of a duration or nature that renders the parent

unable for the reasonably foreseeable future to care appropriately for the ongoing physical,

mental, or emotional needs of the child. This ground is called “unfitness.” In re K.A.W., 133

S.W.3d 1, 21-22 (Mo. banc 2004).

 Determining grounds to terminate existed under section 211.447.5(5), the court

specifically found Appellant did not have an appropriate home for the children, had ongoing

“great difficulty parenting/supervising” them all at one time, and did not financially provide for

their care in Children’s Division custody before a child support order.

 Once the court has identified grounds for terminating parental rights, section 211.477.7

requires the court, before entering its termination judgment, to analyze seven factors, where

applicable. In re J.S.W., 341 S.W.3d 881, 886–87 (Mo. App. E.D. 2011). These factors aid the

court in determining whether termination is in the children’s best interest. S.Y.B.G., 443 S.W.3d

 8
at 66. The best interest determination is a subjective assessment based on the totality of the

circumstances and must be found by a preponderance of the evidence. Id.; J.S.W., 341 S.W.3d at

887 (citing P.L.O., 131 S.W.3d at 789). Findings under these factors are discretionary and we

review only for an abuse of discretion. S.Y.B.G., 443 S.W.3d at 66 (citing N.M.J., 24 S.W.3d at

783). The court found termination was in the children’s best interest after making findings on

each factor.

 Point II: Social Service Plan Completion

 In Point II, Appellant argues the trial court erred in finding sufficient grounds existed to

terminate Appellant’s parental rights due to Appellant’s alleged failure to complete her social

service plan.2

 Appellant argues this finding was erroneous because she received inadequate assistance

from the Children’s Division, which failed its duty to provide funding for the counseling. G.G.B.,

394 S.W.3d at 471. Appellant also argues the court erred in finding Appellant failed to satisfy the

portion of her plan requiring she obtain adequate housing because the Children’s Division and

other relevant agencies failed to provide the proper services to help her find a suitable home.

Appellant argues the court’s finding she failed to complete the plan was against the weight of the

evidence and the court erred in finding harmful conditions still existed as of trial, because, she

argues, as of the date of the termination hearing she had satisfied every requirement of her plan

except the counseling.

2
 Movant’s Point Relied On raises several issues for our review. Distinct claims of error should be raised in separate
points. Collapsing disparate contentions of error into a single point relied on violates Rule 84.04(d). Cooper v. Bluff
City Mobile Home Sales, Inc., 78 S.W.3d 157, 167 (Mo. App. S.D. 2002). Points containing multiple issues are
multifarious and preserve nothing for appellate review. City of Joplin v. Wallace Bajjali Development Partners,
L.P., 522 S.W.3d 327, 330 (Mo. App. S.D. 2017). We have the discretion to review non-compliant briefs ex gratia
where the argument is readily understandable. Scott v. King, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017) (citing Null
v. New Haven Care Ctr., Inc., 425 S.W.3d 172, 177–78 (Mo. App. E.D. 2014)). We cautiously exercise this
discretion because each time we review a noncompliant brief ex gratia, we send an implicit message that
substandard briefing is acceptable. It is not. Null at 892.

 9
 Appellant implicitly argues the court erred in finding she failed to complete her plan

because full completion is not essential to escape termination of parental rights. In re S.M.H.,

160 S.W.3d 355, 368-69 (Mo. banc 2005) (citing In re C.N.G., 109 S.W.3d 702, 707 (Mo. App.

W.D. 2003)).3 Appellant “additionally” argues the court erred in finding Appellant abused or

neglected her children and potentially harmful conditions existed at the date of trial. Appellant

does not expressly state which ground or grounds she is challenging in her Point Relied On and

its language tracks only failure to rectify.4

 Appellant argues the original circumstances, Appellant housing herself and her children

in a shed, were far removed from Appellant’s situation on the date of termination and following

termination, because she claims she obtained new housing, employment, and transportation.

Because Appellant claims she has improved her position, she asks “how the trial court could

have possibly found that ‘the conditions that brought about the court’s jurisdiction still exist, or

other potentially harmful conditions currently exist.’”

 Respondent argues Appellant’s failure to provide her children with proper care, custody,

and control is a potentially harmful condition which continues to exist under section

211.447.5(3). Respondent argues Appellant has demonstrated both failure to rectify and parental

unfitness in her failure to complete her social service plan, which required her to obtain

appropriate housing, employment, and transportation. Respondent also argues Appellant’s

difficulty in supervising her children during supervised visitation supports the court’s

termination decision. Respondent argues Appellant’s failure to complete counseling supported

3
 Appellant’s brief is at times difficult to understand. Respondent’s brief is also substandard. Parts of it are presented
in an unfinished draft format. We urge both parties to do better in future efforts before this Court.
4
 In conducting review ex gratia, we have the discretion to review readily understandable arguments. Scott, 510
S.W.3d at 892. We exercise this discretion cautiously. Id. Because Appellant discusses both failure to rectify and
unfitness in her discussion, and Respondent’s brief also addresses both grounds, we understand Appellant’s
argument to address both failure to rectify and parental fitness grounds.

 10
termination because even though it ended due to the Children’s Division’s failure to provide

funding, Appellant did not “follow up to readdress” the counseling required by her social service

plan. Respondent argues the counseling was important because Appellant’s children have special

needs.

 Respondent argues because Appellant did not obtain appropriate housing, employment, or

transportation, and she cannot properly supervise the children at one time, agency efforts have

failed to aid Appellant on a continuing basis to adjust her circumstances or conduct to provide an

appropriate home for the children. Respondent argues Appellant’s case resembles A.L.M., in

which a parent’s rights were properly terminated because his late adjustments and assurances of

obtaining proper housing in the future was outweighed by his record of inability to comply with

his social service plan. 354 S.W.3d at 654. Respondent notes a parent’s inability to comply with

a social service plan is strong evidence supporting termination. K.A.W., 133 S.W.3d at 10.

 Respondent must prove grounds exist to terminate parental rights. In re A.S.W., 137

S.W.3d 448, 452 (Mo. banc 2004) (citing In re C.W., 211 S.W.3d 93, 98 (Mo. banc 2007)

(overruled in part on other grounds by In re B.H., 348 S.W.3d 770 (Mo. banc 2011))).

Respondent’s evidence for termination included allegations Appellant failed to complete her

social service plan; failed to acquire a higher paying job, failed to obtain a larger home and car

than her residence and vehicle at the time of termination; and had difficulty supervising all her

children at one time.

 We first address Appellant’s alleged failure to satisfy her service plan. A party’s

compliance with a social service plan is a required consideration under failure to rectify and also

offers predictive evidence for parental unfitness. K.A.W., 133 S.W.3d at 10 (“[I]t is error for a

trial court to ignore [compliance with a plan] when considering termination of parental rights”).

 11
Although Appellant failed to obtain an appropriate home and did not keep the Children’s

Division apprised of her employment as required by her plan, she did complete all counseling

made available to her, did not miss a court-ordered child support payment, satisfied drug testing

protocols, acknowledged her past failures, and completed parenting classes. A parent need not

complete a social service plan in its entirety to avoid termination of her parental rights. In re

C.F.C., 156 S.W.3d 422, 431 (Mo. App. E.D. 2005) (citing In the Interest of S.J.H., 124 S.W.3d

63, 68 (Mo. App. W.D. 2004)). Although a trial court must consider the extent to which the

parties have made progress in complying with its terms, this progress need not be full or

substantial. Id.

 Any failure by Appellant to complete her social service plan cannot support termination

under failure to rectify because the Children’s Division failed its duty to help her complete it.

The Children’s Division and related agencies must provide reasonable, continuing, and diligent

efforts to assist the parent. C.F.C., 156 S.W.3d at 430 (citing In re B.S.B., 76 S.W.3d 318, 333

(Mo. App. W.D. 2002)). All reasonable means to help a parent remedy their adverse conditions

should be utilized. Id. We will not terminate parental rights under failure to rectify where such

efforts have not been made. Id.

 Uncontroverted evidence at Appellant’s hearing clarified Appellant’s failure to complete

counseling was solely the fault of the Children’s Division. A social worker with Counseling

Solutions, LLC, who counseled Appellant from February 2019 to June 2019, testified the

counseling sessions were not completed and abruptly stopped because Children’s Treatment

Services funds and authorization became “difficult.” The social worker testified their policy is to

not conduct counseling services without authorization. Because this failure was no fault of

Appellant it does not suggest she failed this aspect of her plan.

 12
 Employees of the Children’s Division who were assigned to Appellant’s case could not

describe at the termination hearing what assistance, if any, they had rendered to Appellant in

finding better housing or employment. Children’s Division caseworkers testified they merely

checked in with Appellant rather than offering counsel or helpful suggestions. One caseworker,

Yearous, testified she and her colleagues did not even know what resources were available to

Appellant because they were unfamiliar with the jurisdiction.

 Because the Children’s Division failed to adequately assist Appellant, her parental rights

cannot be terminated under failure to rectify. Id. To terminate Appellant’s parental rights,

grounds must therefore exist under the other ground provided in the trial court’s judgment,

parental unfitness. S.Y.B.G., 443 S.W.3d at 59.

 Appellant’s alleged failure to complete her plan fails to establish grounds existed under

parental unfitness, because plan noncompliance is not an independent ground for termination of

parental rights. In Int. of K.M.A.-B., 493 S.W.3d 457, 474-75 (Mo. App. E.D. 2016). We

therefore must consider whether the remaining evidence regarding Appellant’s current condition

is clear, cogent, and convincing, instantly tilting the scales in favor of termination under parental

unfitness. C.F.C., 156 S.W.3d at 431 (citing S.J.H., 124 S.W.3d at 68); S.Y.B.G., 443 S.W.3d at

59 (citing E.F.B.D., 245 S.W.3d at 319). When reviewing a trial court's termination of parental

rights, appellate courts must examine the trial court's findings of fact and conclusions of law

closely. Id. (citing P.C., 62 S.W.3d at 603).

 The evidence offered against Appellant in addition to her compliance with the social

service plan was her failure to obtain a vehicle large enough to seat all her children at one time,

her failure to obtain a larger house, and her failure to obtain “employment that can support the

children.” Section 211.447.5(3) does not limit the trial court’s duty to assess all relevant

 13
evidence in determining whether, on the whole, clear, cogent, and convincing evidence supports

termination of parental rights. S.Y.B.G., 443 S.W.3d at 60 (citing G.G.B., 394 S.W.3d at 468).

 It is uncontroverted Appellant had a vehicle at the time of her termination hearing.

Appellant’s alleged failure to obtain a larger vehicle was not included in Appellant’s social

service plan and does not otherwise demonstrate Appellant “is unfit to be a party to the parent

and child relationship because of a consistent pattern of committing a specific abuse[.]” Section

211.447.5(5). Appellant’s transportation is logistically undesirable and may present challenges.

However, because termination of parental rights is tantamount to a civil death penalty, we strictly

construe section 211.447.5(5). K.A.W., 133 S.W.3d at 12. A small car does not constitute a

“specific abuse” or affect Appellant’s ability to “care appropriately for the ongoing physical,

mental, or emotional needs” of the children. Id.

 Although Appellant’s failure to verify her employment is relevant to completion of her

social service plan, low income is not a basis for termination of parental rights. Int. of E.B.M.,

609 S.W.3d 919, 926 (Mo. App. W.D. 2020). Appellant’s alleged inability to supervise all her

children at one time likewise does not support termination under parental unfitness. The

Children’s Division’s investigation and testimony by Children’s Division employees assert

supervised visitation with Appellant was “chaotic” and could render Appellant “frazzled.”

Respondent contends inadequate supervision presents a danger to these children. However, one

of the Children’s Division’s employees acknowledged supervised visitation occurs in unnatural

settings and unfamiliar places such as conference rooms where the children came together from

their individual custody arrangements.

 To terminate parental rights under parental unfitness, there must be clear, cogent, and

convincing evidence the parent’s shortcomings endanger a child and cannot be remedied in the

 14
reasonably foreseeable future. K.A.W., 133 S.W.3d at 20. Termination under parental unfitness is

appropriate where there is a consistent pattern of a specific abuse. Section 211.447.5(5). It is an

extraordinary judicial act. K.A.W., 133 S.W.3d at 12. Grounds under this section have been found

where a parent is absent from a child’s life due to extended incarceration or ongoing drug use

prevents a parent from caring for their child’s ongoing needs. Int. of K.L.M., 615 S.W.3d 128,

131 (Mo. App. S.D. 2021); In re D.D.C., 351 S.W.3d 722, 732 (Mo. App. W.D. 2011). Appellant

has attended counseling services and parenting classes, regularly attended supervised visitation,

and has passed recurring drug tests. The trial court found Appellant is interested in her children.

Appellant’s difficulty supervising her children does not rise to the level of specific abuse

warranting termination under parental unfitness. Section 211.447.5(5).

 The court’s finding further services would not change Appellant’s circumstances is

undercut by uncontroverted testimony offered at the termination hearing which clarified the

Children’s Division did not even have a basic understanding what resources were available to

Appellant.

 Respondent’s reliance on A.L.M. is unjustified. There, a father’s parental rights were not

terminated merely because he did not obtain better housing, but because he also had

demonstrated a failure to adjust his circumstances to provide for his children’s serious mental

and physical impairments. 354 S.W.3d at 654. The court did not hold parental rights may be

terminated only because a person lives in a small home. Id. Poverty alone is not a basis for

termination of parental rights. E.B.M., 609 S.W.3d at 926 ("Father lacks financial resources, but

poverty has nothing to do with loving a child").

 Because the Children’s Division failed in its duty to assist Appellant, Appellant’s failure

to complete her social service plan is not an independent ground for termination, and the

 15
remaining evidence outside of the plan does not provide clear, cogent, and convincing evidence

establishing grounds for termination exist, the trial court’s judgment terminating Appellant’s

parental rights was against the weight of the evidence as to both parental unfitness and failure to

rectify grounds.

 This case presents us with difficult considerations. We recognize the trial court is in a

better position to judge the people involved than we are. S.Y.B.G., 443 S.W.3d 56, 59 (citing

J.M.S., 83 S.W.3d at 82). Appellant’s late efforts to find appropriate housing and verify her

employment are not promising. It is possible Appellant and her children will find themselves in

another termination hearing later. If that happens, such a delay would not be in the best interests

of the children. We do not reverse the trial court lightly.

 But the law is clear. We may not assess the best interests of the children until after the

State has proven grounds for termination exist. S.Y.B.G., 443 S.W.3d at 59 (citing K.A.C., 246

S.W.3d at 543). The “clear, cogent, and convincing” evidence must “instantly tilt” in favor of

termination. S.Y.B.G., 443 S.W.3d at 59 (citing E.F.B.D., 245 S.W.3d at 319). The Children’s

Division’s failure to provide counseling, to provide Appellant with assistance with housing or

employment, or to even know what resources were available to Appellant is inexcusable. The

trial court found Appellant has a job, she has a car, she is not chemically dependent, she is not

mentally ill, and she has no significant criminal history. Appellant attended visits and she paid

ordered support. The trial court found she did not abuse the children or allow others to abuse

them. Appellant needs help with housing and with obtaining a better job. The State must attempt

to provide her with that help before it can take her children away from her. G.G.B., 394 S.W.3d

at 471. The evidence here does not “instantly tilt” in favor of termination. S.Y.B.G., 443 S.W.3d

at 59 (citing E.F.B.D., 245 S.W.3d at 319).

 16
 Because the Children’s Division’s failure to assist Appellant is dispositive in our failure

to rectify analysis, we remand for further services rather than immediate reunification. A court

may not terminate parental rights for failure to rectify where required assistance has not been

provided by the Children’s Division. C.F.C., 156 S.W.3d at 430 (citing B.S.B., 76 S.W.3d at

333). The trial court will decide if termination is appropriate if Appellant, after receiving the

assistance required of the Children’s Division, is unable to rectify the conditions. Appellant

deserves the opportunity to rectify her situation with the assistance of the Children’s Division.

 Point II is granted.

 Point IV: Sufficiency of the Court’s Judgment Language

 In Point IV, Appellant argues the trial court erred in failing to include the applicable

evidentiary standard in its judgment terminating her parental rights. Respondent argues this

claim has not been preserved. We agree with Appellant.

 To preserve for appellate review the trial court's failure to make statutory findings in a

termination judgment, an appellant must move to amend the judgment under Rule 78.07(c) 5; In

re Holland, 203 S.W.3d 295, 301 (Mo. App. S.D. 2006). Rule 78.07(c) applies to termination of

parental rights cases. J.A.R. v. D.G.R., 426 S.W.3d 624, 626 n.5 (Mo. banc 2014) (citing J.L.G.,

399 S.W.3d at 48). The claimed error is not preserved unless a motion to alter or amend the

judgment is filed which specifically challenges the language of the judgment, including failure to

make findings mandated by statute. Holland, 203 S.W.3d at 302. Courts have held this issue is

not preserved where the record is “void of any indication” the issue was raised in the motion to

amend the judgment. In re Marriage of Bottorff, 221 S.W.3d 482, 485 (Mo. App. S.D. 2007).

The issue is preserved where Appellant files a motion which puts the trial court “on notice” of an

5
 All rule citations are to the Missouri Rules of Civil Procedure (2021) unless otherwise indicated.

 17
alleged error relating to the form or language of the judgment. Stuart v. Ford, 292 S.W.3d 508,

517 (Mo. App. S.D. 2009).

 Appellant’s motion was entitled a “motion to set aside, amend, and reconsider, or, in the

alternative, for a new trial.” Because the title of a motion is not dispositive, we examine the

contents of the motion to determine the actual nature of the motion brought. In re Marriage of

Wood, 262 S.W.3d 267, 273 (Mo. App. S.D. 2008) (citing Gipson v. Fox, 248 S.W.3d 641, 644

(Mo. App. E.D. 2008)). A motion requesting only a new trial without raising a court’s failure to

make certain findings suggests its purpose is a motion for a new trial, not an amended judgment.

Wood, 262 S.W.3d at 273.

 Not only did the title of Appellant’s motion ask for an amended judgment, the language

of the motion included a specific challenge to the language of the judgment. Paragraph 31 of

Appellant’s motion included the challenge the court “failed to properly include the language

required” in finding grounds for termination exist.6 Paragraph 28 points out the burden of proof

is clear, cogent, and convincing evidence. This placed the court “on notice” of the defect in its

judgment and it should have made the requested change. Stuart, 292 S.W.3d at 517. This issue is

preserved for our review.

 Appellant argues the court had to explicitly state in its judgment the “clear, cogent, and

convincing” burden of proof made applicable by section 211.447 but failed to provide this

standard in finding at least one statutory ground for termination existed. Appellant cites B.H.,

which affirmed the termination of a parent’s parental rights only because the court stated the

standard in its judgment as to one ground for termination. 348 S.W.3d at 773. Appellant argues

the court has committed reversible error by erroneously declaring or applying the law. Murphy v.

6
 The motion alleges “the CD” made this error, but it is clear in context Appellant meant to challenge the action of
the trial court.

 18
Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Appellant also notes a trial court’s findings are

closely scrutinized in terminations of parental rights. K.A.W., 133 S.W.3d at 12 (citing In re P.C.,

62 S.W.3d 600, 603 (Mo. App. W.D. 2001)).

 Respondent does not address Appellant’s contention on its merits.

 When reviewing a trial court’s termination of parental rights, we examine the trial court’s

findings of facts and conclusions of law closely. K.A.W., 133 S.W.3d at 12 (citing P.C., 62

S.W.3d at 603). We strictly construe termination of parental rights statutes in favor of the parent

and preservation of the natural parent-child relationship. K.A.W., 133 S.W.3d at 12 (citing In re

Adoption of W.B.L., 681 S.W.2d 452, 455 (Mo. banc 1984)). Strict and literal compliance with

the statutory requirements relating to termination of parental rights is necessary. In re S.L.N.,

8 S.W.3d 916, 920 (Mo. App. S.D. 2000) (citing In the Interest of F.M., 979 S.W.2d 944, 946

(Mo. App. S.D. 1998)). Whether the court erroneously declared or applied the law is reviewed de

novo. Murphy, 536 S.W.2d at 32.

 Section 211.447.6 provides the juvenile court may terminate the rights of a parent to a

child upon a petition filed by the juvenile officer or the division, or in adoption cases, by a

prospective parent, if the court finds termination is in the best interest of the child and it appears

by clear, cogent and convincing evidence grounds exist for termination under subsection 2, 4, or

5. The requirement at least one statutory ground for termination explicitly be found by clear,

cogent, and convincing evidence operates as a protection of the fundamental liberty interest of

natural parents in the care, custody, and management of their children. E.B.R., 503 S.W.3d at 281

(citing B.H., 348 S.W.3d at 776). Those faced with forced dissolution of their parental rights

have a critical need for heightened protections. K.A.W., 133 S.W.3d at 12 (citing Santosky v.

Kramer, 455 U.S. 745, 753 (1982)). Specific judgment language is critical. See C.F.C., 156

 19
S.W.3d at 430-31 (citing In the Interest of C.N.G., 89 S.W.3d 564, 566–67 (Mo. App. W.D.

2002)).

 Because the words “clear, cogent, and convincing” appear nowhere in the trial court’s

judgment, the judgment is defective and requires reversal.

 Point IV is granted.

 Conclusion

 We grant Points II and IV and remand for proceedings consistent with this opinion.

Because Points II and IV are dispositive, we decline to address Points I and III.

 _______________________________
 Philip M. Hess, Presiding Judge

Angela T. Quigless, Judge and
Colleen Dolan, Judge concur.

 20